83 F.3d 426
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
ANDERSON'S JEWELRY; Sateesh Thukaram, beneficiary,
Plaintiffs-Appellants,
v.
UNITED STATES IMMIGRATION AND NATURALIZATION SERVICE,
Defendant-Appellee.
 No. 95-35142.
 United States Court of Appeals, Ninth Circuit.
 Submitted April 11, 1996.*
Decided April 17, 1996.
 
 Before: WRIGHT, PREGERSON, and TASHIMA, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Petitioner-Appellant Anderson's Jewelry appeals the district court's grant of summary judgment in favor of Respondent-Appellee Immigration and Naturalization Service ("INS"). We have jurisdiction pursuant to 28 U.S.C. § 1291. We affirm.
 
 
 3
 Anderson has not provided sufficient evidence of his ability to pay Thukaram, as of January 22, 1988, the proffered wage. Immigration regulations describe the types of evidence a petitioner must provide to demonstrate that he has the ability to pay the proffered wage as follows:
 
 
 4
 Evidence of this ability [to pay the proffered wage] shall be either in the form of copies of annual reports, federal tax returns, or audited financial statements.... In appropriate cases, additional evidence, such as profit/loss statements, bank account records, or personnel records, may be submitted by the petitioner or requested by the Service.
 
 
 5
 8 C.F.R. § 204.5(d)(2).
 
 
 6
 The quoted regulation requires submission of one of three primary documents (1) an annual report, (2) a tax return, or (3) an audited financial statement. The additional evidence listed in the regulation is not a substitute for this primary documentation. Rather, this additional evidence may be submitted to supplement and explain the primary document(s). Perhaps in an exceptional case such as when, for documented reasons, none of the primary documents is available, the INS should excuse the failure to submit a primary document. The present case, however, is not such an exceptional case.
 
 
 7
 Anderson failed to submit his 1988 tax return or, alternatively, an audited 1988 financial statement. Anderson failed to explain why he did not submit his 1988 tax return. Absent exceptional circumstances not present here, the regulations require submission of an annual report, tax return, or audited financial statement. The INS therefore did not abuse its discretion.
 
 
 8
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument pursuant to Fed.R.App.P. 34(a) and Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3